JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division
J. BRETT GROSKO, Senior Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 305-0342
Facsimile: (202) 305-0275
Email: brett.grosko@usdoj.gov

*Counsel for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CONSERVATION LAW FOUNDATION, | ) ) ) | CASE NO. 1:18-cv-00283-JEB |
| *Plaintiff*, | ) ) | |
| v. | ) ) | |
| WILBUR ROSS, in his official capacity as Secretary of Commerce, CHRIS OLIVER, in his official capacity as Assistant Administrator of NOAA Fisheries, and the NATIONAL MARINE FISHERIES SERVICE, | ) ) ) ) ) ) | |
| *Defendants*. | ) ) ) ) ) ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, the Defendants, Wilbur Ross, in his official capacity as Secretary of Commerce, Chris Oliver, in his official capacity as Assistant Administrator of NOAA Fisheries, and the National Marine Fisheries Service (collectively, "Defendants"), hereby answer the allegations of the Complaint filed by the Conservation Law Foundation. The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint.

1.      The allegations contained in paragraph 1 purport to characterize Plaintiff's Complaint, to which no response required.

2.      Defendants deny the allegations contained in the first sentence of paragraph 2. Defendants admit the allegations contained in the second sentence of paragraph 2.  The allegations contained in the third sentence of paragraph 2 purport to characterize an unidentified report or reports, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of that unidentified report are denied.

3.      Defendants deny the allegations contained in the first sentence of paragraph 3. Defendants admit the allegations contained in the second, third, fourth, and fifth sentences of paragraph 3.  Defendants deny the allegations contained in the sixth sentence of paragraph 3.

4.      The allegations contained in the first sentence of paragraph 4 that "NMFS acknowledges [the American lobster industry] seriously injures and kills right whales", purport to characterize an unidentified report or reports, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of that unidentified report are denied.  Defendants admit the balance of the allegations contained in the first sentence of paragraph 4.  Defendants admit the allegations contained in the second

sentence of paragraph 4.  Defendants deny the allegations contained in the third sentence of paragraph 4.

5.      The allegations contained in paragraph 5 purport to characterize a 2014 NMFS biological opinion entitled "Endangered Species Act Section 7 Consultation on the Continued Implementation of Management Measures for the American Lobster Fishery" ("2014 BiOp"), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the 2014 BiOp are denied.

6.      The allegations contained in paragraph 6 consist of conclusions of law, to which no response is required, and purport to characterize the Endangered Species Act ("ESA") and Administrative Procedure Act ("APA"), which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the ESA and APA are denied.

7.      The allegations contained in paragraph 7 consist of conclusions of law, to which no response is required, and purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the ESA are denied.

8.      The allegations contained in the first sentence of paragraph 8 consist of conclusions of law, to which no response is required, and purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the ESA are denied.   The allegations contained in the second sentence of paragraph 8 consist of conclusions of law and purport to characterize the Marine Mammal Protection Act ("MMPA") and APA, which speak for themselves and provide

the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the MMPA and APA are denied.

9.      The allegations contained in the first sentence of paragraph 9 consist of conclusions of law and purport to characterize the ESA, MMPA, and APA, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the ESA, MMPA and APA are denied.   Defendants lack information or knowledge sufficient to form an opinion as to the truth of the allegations contained in the second, third, and fourth sentences of paragraph 9, and deny them on that basis.

10.     The allegations contained in paragraph 10 purport to characterize Plaintiff's Complaint, to which no response required.

11.     The allegations contained in paragraph 11 consist of conclusions of law, to which no response is required.

12.     The allegations contained in paragraph 12 consist of conclusions of law, to which no response is required.

13.     Defendants admit the allegations contained in the first sentence of paragraph 13 that they received a letter dated November 29, 2017 from Plaintiff.  That letter speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning and content of the November 29, 2017, letter are denied.  The allegations contained in the second sentence of paragraph 13 purport to characterize two exhibits attached to the Complaint, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of those two exhibits are denied. Defendants deny the allegations contained in the third sentence of paragraph 13.

4

14.     The allegations contained in paragraph 14 consist of conclusions of law, to which no response is required.

15.     Defendants lack information or knowledge sufficient to form an opinion as to the truth of the allegations contained in paragraph 15, and deny them on that basis.

16.     Defendants lack information or knowledge sufficient to form an opinion as to the truth of the allegations contained in the first and second sentences of paragraph 16, and deny them on that basis.  Defendants admit the allegations contained in the third and fourth sentences of paragraph 16.  The allegations contained in the fifth sentence purport to characterize a complaint filed in *Conservation Law Foundation v. Evans*, No. 00-cv-12069-DPW (D. Mass.), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of that complaint are denied.

17.     Defendants lack information or knowledge sufficient to form an opinion as to the truth of the allegations contained in the first sentence of paragraph 17, and deny them on that basis.  The allegations contained in the second and third sentences of paragraph 17 purport to characterize the Northeast Regional Ocean Plan, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the Northeast Regional Ocean Plan are denied.

18.     Defendants lack information or knowledge sufficient to form an opinion as to the truth of the allegations contained in paragraph 18, and deny them on that basis.

19.     Defendants lack information or knowledge sufficient to form an opinion as to the truth of the allegations contained in paragraph 19, and deny them on that basis.

20.     Defendants lack information or knowledge sufficient to form an opinion as to the truth of the allegations contained in paragraph 20, and deny them on that basis.

21.     Defendants lack information or knowledge sufficient to form an opinion as to the truth of the allegations contained in paragraph 21, and deny them on that basis.

22.     Defendants lack information or knowledge sufficient to form an opinion as to the truth of the allegations contained in paragraph 22, and deny them on that basis.

23.     Defendants lack information or knowledge sufficient to form an opinion as to the truth of the allegations contained in paragraph 23, and deny them on that basis.

24.     The allegations contained in paragraph 24 consist of conclusions of law and purport to characterize the ESA and MMPA, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the ESA and MMPA are denied.

25.     The allegations contained in paragraph 25 consist of conclusions of law, to which no response is required.

26.     Defendants admit the allegation contained in the first sentence of paragraph 26 that Wilber Ross is the Secretary of the U.S. Department of Commerce, and further aver that the balance of allegations contained in the first sentence of paragraph 26 purport to characterize Plaintiff's Complaint, to which no response is required.  The allegations contained in the second sentence of paragraph 26 consist of conclusions of law, to which no response is required.

27.     Defendants admit the allegation contained in the first sentence of paragraph 27 that Chris Oliver is the Assistant Administrator for Fisheries at the National Oceanic and Atmospheric Administration, and further aver that the balance of the allegations contained in the first sentence of paragraph 27 purport to characterize Plaintiff's Complaint, to which no response is required.  The allegations contained in the second sentence of paragraph 27 consist of conclusions of law, to which no response is required.

28.     Defendants admit the allegations contained in the first sentence of paragraph 28 that NMFS is an agency within the U.S. Department of Commerce's National Oceanic and Atmospheric Administration, but aver that the balance of the allegations contained in the first sentence consist of conclusions of law, to which no response is required.  The allegations contained in the second sentence of paragraph 28 consist of conclusions of law, to which no response is required.

29.     The allegations contained in the first sentence of paragraph 29 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the ESA are denied.  The allegations contained in the second, third and fourth sentences of paragraph 29 purport to characterize *Tennessee Valley Authority v. Hill*, 437 U.S. 153 (1978), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of *Tennessee Valley Authority v. Hill*, 437 U.S. 153 (1978) are denied.

30.     The allegations contained in the first and second sentences of paragraph 30 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the ESA are denied.  The allegations contained in the third sentence of paragraph 30 purport to characterize 50 C.F.R. § 222.101(a), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of 50 C.F.R. § 222.101(a) are denied.

31.     The allegations contained in paragraph 31 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the ESA are denied.

32.     The allegations contained in paragraph 32 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the ESA are denied.

33.     The allegations contained in the first, second, third, and fifth sentences of paragraph 33 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the ESA are denied.  The allegations contained in the fourth sentence of paragraph 33 purport to characterize 50 C.F.R. § 222.102, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of 50 C.F.R. § 222.102 are denied.  The allegations contained in the sixth sentence of paragraph 33 purport to characterize the ESA and 50 C.F.R. § 402.14(i)(1)(5), which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the ESA and 50 C.F.R. § 402.14(i)(1)(5) are denied.

34.     The allegations contained in paragraph 34 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the ESA are denied.

35.     The allegations contained in paragraph 35 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the ESA are denied.

36.     The allegations contained in paragraph 36 purport to characterize 50 C.F.R. § 402.02, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of 50 C.F.R. § 402.02 are denied.

37.     The allegations contained in the first sentence of paragraph 37 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the ESA are denied.  The allegations contained in the second sentence of paragraph 37 purport to characterize the ESA and 50 C.F.R. § 402.14, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the ESA and 50 C.F.R. § 402.14 are denied.

38.     The allegations contained in paragraph 38 purport to characterize the ESA and the Final ESA Section 7 Consultation Handbook, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the ESA and the Final ESA Section 7 Consultation Handbook are denied.

39.     The allegations contained in the first sentence of paragraph 39 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the ESA are denied.  The allegations contained in the second sentence of paragraph 39 purport to characterize 50 C.F.R. § 402.14(b), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of 50 C.F.R. § 402.14(b) are denied.

40.     Defendants admit the allegations contained in the first sentence of paragraph 40. The allegations contained in the second sentence of paragraph 40 purport to characterize 50 C.F.R. § 402.14(a), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of 50 C.F.R. § 402.14(a) are denied.  The allegations contained in the third sentence of paragraph 40 consist of legal conclusions, to which no response is required.  The allegations contained in the fourth sentence

of paragraph 40 purport to characterize the ESA and 50 C.F.R. § 402.14(a), which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the ESA and 50 C.F.R. § 402.14(a) are denied.

41.     The allegations contained in the first sentence of paragraph 41 purport to characterize a *Federal Register* document published at 51 Fed. Reg. 19,926 (June 3, 1986) and the Endangered Species Act Section 7 Consultation Handbook, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the *Federal Register* document published at 51 Fed. Reg. 19,926 (June 3, 1986) and the Endangered Species Act Section 7 Consultation Handbook are denied.  The allegations contained in the second sentence of paragraph 41 purport to characterize 50 C.F.R. § 402.14(e), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of 50 C.F.R. § 402.14(e) are denied.

42.     The allegations contained in the first sentence of paragraph 42 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the ESA are denied.  The allegations contained in the second sentence of paragraph 42 purport to characterize 50 C.F.R. § 402.14(e), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of 50 C.F.R. § 402.14(e) are denied.

43.     The allegations contained in paragraph 43 purport to characterize 50 C.F.R. § 402.14(g)(2)-(3), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of 50 C.F.R. § 402.14(g)(2)-(3) are denied.

44.     The allegations contained in the first sentence of paragraph 44 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the ESA are denied.  The allegations contained in the second, third, and fourth sentences of paragraph 44 purport to characterize 50 C.F.R. § 402.02, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of 50 C.F.R. § 402.02 are denied.

45.     The allegations contained in the first sentence of paragraph 45 consist of legal conclusions, to which no response is required.  The allegations contained in the second sentence of paragraph 45 purport to characterize the ESA and 50 C.F.R. § 402.14(h)(3), which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the ESA and 50 C.F.R. § 402.14(h)(3) are denied.

46.     The allegations contained in paragraph 46 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the ESA are denied.

47.     The allegations contained in the first sentence of paragraph 47 purport to characterize the ESA and 50 C.F.R. § 402.14(l), (3), which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the ESA and 50 C.F.R. § 402.14(l), (3) are denied.  The allegations contained in the second sentence of paragraph 47 purport to characterize H.R. Rep. No. 97-567 (1982), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of H.R. Rep. No. 97-567 (1982) are denied.

48.     The allegations contained in the first sentence of paragraph 48 purport to characterize the ESA and MMPA, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the ESA and MMPA are denied.  The allegations contained in the second sentence of paragraph 48 purport to characterize the ESA and 50 C.F.R. § 402.14(i)(5), which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the ESA and 50 C.F.R. § 402.14(i)(5) are denied.

49.     The allegations contained in the first sentence of paragraph 49 purport to characterize the ESA and 50 C.F.R. § 402.14(h)(3), which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the ESA and 50 C.F.R. § 402.14(h)(3) are denied.  The allegations contained in the second and third sentences of paragraph 49 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the ESA are denied.  The allegations contained in the fourth sentence of paragraph 49 purport to characterize *Mayo v. Jarvis*, 177 F. Supp. 3d 91 (D.D.C. 2016), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of *Mayo v. Jarvis*, 177 F. Supp. 3d 91 (D.D.C. 2016) are denied.

50.     The allegations contained in paragraph 50 purport to characterize 50 C.F.R. § 402.16, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of 50 C.F.R. § 402.16 are denied.

51.     The allegations contained in paragraph 51 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the ESA are denied.

52.     The allegations contained in paragraph 52 purport to characterize the MMPA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the MMPA are denied.

53.     The allegations contained in paragraph 53 purport to characterize the MMPA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the MMPA are denied.

54.     The allegations contained in paragraph 54 purport to characterize the MMPA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the MMPA are denied.

55.     The allegations contained in the first and second sentences of paragraph 55 purport to characterize the MMPA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the MMPA are denied.  The allegations contained in the third sentence of paragraph 55 consist of conclusions of law, to which no response is required.

56.     The allegations contained in the first sentence of paragraph 56 consist of conclusions of law, to which no response is required.  The allegations contained in the second sentence of paragraph 56 purport to characterize the MMPA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the MMPA are denied.

57.     The allegations contained in the first sentence of paragraph 57 purport to characterize 50 C.F.R. § 216.103, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of 50 C.F.R. § 216.103 are denied.  The allegations contained in the second and third sentences of paragraph 57 purport to characterize the MMPA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the MMPA are denied.

58.     The allegations contained in the first sentence of paragraph 58 purport to characterize the MMPA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the MMPA are denied.  The allegations contained in the second sentence of paragraph 58 purport to characterize 50 C.F.R. § 216.3, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the 50 C.F.R. § 216.3 are denied.

59.     The allegations contained in paragraph 59 purport to characterize the MMPA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the MMPA are denied.

60.     The allegations contained in paragraph 60 purport to characterize the MMPA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the MMPA are denied.

61.     The allegations contained in paragraph 61 purport to characterize the MMPA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the MMPA are denied.

14

62.     The allegations contained in paragraph 62 purport to characterize the MMPA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the MMPA are denied.

63.     The allegations contained in paragraph 63 purport to characterize APA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the APA are denied.

64.     The allegations contained in paragraph 64 purport to characterize the APA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the APA are denied.

65.     Defendants admit the allegations contained in paragraph 65.

66.     Defendants admit the allegations contained in paragraph 66.

67.     The allegations contained in the first sentence of paragraph 67 purport to characterize a *Federal Register* document published at 59 Fed. Reg. 28,805 (June 3, 1994), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the *Federal Register* document published at 59 Fed. Reg. 28,805 (June 3, 1994) are denied.  The allegations contained in the second sentence of paragraph 67 purport to characterize a *Federal Register* document published at 81 Fed. Reg. 4,837 (Jan. 27, 2016) and 50 C.F.R. § 226.203, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the *Federal Register* document published at 81 Fed. Reg. 4,837 (Jan. 27, 2016) and 50 C.F.R. § 226.203 are denied.   Defendants deny the allegations contained in the third sentence of paragraph 67.

68.     The allegations contained in the first sentence of paragraph 68 purport to
characterize a *Federal Register* document published at 69 Fed. Reg. 30,857 (June 1, 2004),
which speaks for itself and provides the best evidence of its contents.  Any allegations contrary
to the plain language, meaning, and context of the *Federal Register* document published at 69
Fed. Reg. 30,857 (June 1, 2004), are denied.  The allegations contained in the second sentence of
paragraph 68 are vague and ambiguous, and are therefore denied.

69.     Defendants admit the allegations contained in the first sentence of paragraph 69.
Defendants deny the allegations contained in the second sentence of paragraph 69.

70.     The allegations contained in paragraph 70 purport to characterize an unidentified
scientific catalogue, which speaks for itself and provides the best evidence of its contents.  Any
allegations contrary to the plain language, meaning, and context of that unidentified scientific
catalogue are denied.

71.     The allegations contained in the first sentence of paragraph 71 are vague and
ambiguous, and are therefore denied.  Defendants deny the allegations contained in the second
sentence of paragraph 71.

72.     The allegations contained in the first sentence of paragraph 72 purport to
characterize a *Federal Register* document published at 62 Fed. Reg. 39,157 (July 22, 1997) and
50 C.F.R. § 229.32, which speak for themselves and provide the best evidence of their contents.
Any allegations contrary to the plain language, meaning, and context of the *Federal Register*
published at 62 Fed. Reg. 39,157 (July 22, 1997) and 50 C.F.R. § 229.32, are denied.
The allegations contained in the second sentence of paragraph 72 purport to characterize the
Atlantic Large Whale Take Reduction Plan, which speaks for itself and provides the best

evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the Atlantic Large Whale Take Reduction Plan are denied.

73.     The allegations contained in the first sentence of paragraph 73 purport to characterize a *Federal Register* document published at 82 Fed. Reg. 3,655 (Jan. 12, 2017), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the *Federal Register* document published at 82 Fed. Reg. 3,655 (Jan. 12, 2017), are denied.  The allegations contained in the second sentence of paragraph 73 purport to characterize the MMPA and 50 C.F.R. § 229.4, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the MMPA and 50 C.F.R. § 229.4, are denied.

74.     Defendants deny the allegations contained in the first and second sentences of paragraph 74.  The allegations contained in the third sentence of paragraph 74 purport to characterize the Atlantic Large Whale Take Reduction Plan, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the Atlantic Large Whale Take Reduction Plan are denied.

75.     Defendants admit the allegations contained in the first and fifth sentences of paragraph 75.  The allegations contained in the second and third sentences of paragraph 75 purport to characterize a *Federal Register* document published at 73 Fed. Reg. 60,173 (Oct. 10, 2008) and 50 C.F.R. § 224.105, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the *Federal Register* document published at 73 Fed. Reg. 60,173 (Oct. 10, 2008) and 50 C.F.R. § 224.105 are denied.  The allegations contained in the fourth sentence of paragraph 75 purport to characterize a *Federal Register* document published at 78 Fed. Reg. 73,726 (Dec. 9, 2013),

which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the *Federal Register* document published at 78 Fed. Reg. 73,726 (Dec. 9, 2013) are denied.

76.     The allegations contained in the first and second sentences of paragraph 76 purport to characterize an unidentified report, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of that unidentified report are denied.

77.     The allegations contained in the first and second sentences of paragraph 77 purport to characterize a certain 2016 stock assessment, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of that 2016 stock assessment are denied.

78.     The allegations contained in paragraph 78 purport to characterize a certain 2016 stock assessment, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of that 2016 stock assessment are denied.

79.     The allegations contained in paragraph 79 purport to characterize an unidentified report or reports concerning injuries and mortalities, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of that unidentified report or reports are denied.

80.     The allegations contained in paragraph 80 purport to characterize an unidentified report concerning injuries and mortalities, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of that unidentified report are denied.

18

81.     The allegations contained in paragraph 81 purport to characterize unidentified scientific studies, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the unidentified scientific studies are denied.

82.     Defendants deny the allegations contained in the first sentence of paragraph 82. The allegations contained in the second sentence of paragraph 82 are vague and ambiguous, and are therefore denied.  The allegations contained in the third and fourth sentences of paragraph 82 purport to characterize an unidentified report, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of that unidentified report are denied.

83.     The allegations contained in the first sentence of paragraph 83 are vague and ambiguous, and are therefore denied.  The allegations contained in the second sentence of paragraph 83 purport to characterize an unidentified report or reports, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of that unidentified report or reports are denied.

84.     Defendants admit the allegations contained in paragraph 84, and furthermore aver that the individual whale at issue was entangled with Canadian snow crab gear, not lobster gear.

85.     Defendants admit the allegations contained in paragraph 85.

86.     Defendants admit the allegations contained in paragraph 86.

87.     The allegations contained in the first sentence of paragraph 87 are vague and ambiguous, and are therefore denied.  Defendants admit the allegations contained in the second sentence of paragraph 87.  The allegations contained in the third sentence of paragraph 87 purport to characterize an unidentified report or reports, which speaks for itself and provides the

best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of that unidentified report or reports are denied.

88.     The allegations contained in the first sentence of paragraph 88 purport to characterize Amendment 3 to the Interstate Fishery Management Plan and its Addenda, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of Amendment 3 to the Interstate Fishery Management Plan and its Addenda are denied.  The allegations contained in the second sentence of paragraph 88 purport to characterize the Atlantic Coast Fisheries Cooperative Management Act and 50 C.F.R. §§ 697.4, 697.19, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of Atlantic Coast Fisheries Cooperative Management Act and 50 C.F.R. §§ 697.4, 697.19 are denied.  The allegations contained in the third sentence of paragraph 88 purport to characterize the MMPA and 50 C.F.R. §§ 229.4, 229.32, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of Amendment 3 to the MMPA and 50 C.F.R. §§ 229.4, 229.32 are denied.

89.     The allegations contained in paragraph 88 purport to characterize Amendment 3 to the Interstate Fishery Management Plan and its Addenda, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of Amendment 3 to the Interstate Fishery Management Plan and its Addenda are denied.

90.     The allegations contained in the first sentence of paragraph 90 are vague and ambiguous, and are therefore denied.  Defendants admit the allegations contained in the second, third, fourth, and fifth sentences of paragraph 90.

91.     Defendants admit the allegations contained in paragraph 91.

92.     Defendants deny the allegations contained in paragraph 92.

93.     The allegations contained in paragraph 93 are vague and ambiguous, and are denied on that basis.

94.     Defendants admit the allegations contained in the first sentence of paragraph 94. The allegations contained in the second sentence of paragraph 94 purport to characterize a certain 1994 NMFS Biological Opinion, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of that 1994 NMFS Biological Opinion are denied.  The allegations contained in the third sentence of paragraph 94 purport to characterize a certain 1996 NMFS Biological Opinion, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of that 1996 NMFS Biological Opinion are denied.  The allegations contained in the fourth sentence of paragraph 94 purport to characterize certain unidentified biological opinions and the complaint filed in *Humane Society of the U.S. v. NMFS*, No. 1:11-cv-11927 (D. Mass. filed Oct. 31, 2011), which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of those unidentified biological opinions and the complaint filed in *Humane Society of the U.S. v. NMFS*, No. 1:11-cv-11927 (D. Mass. filed Oct. 31, 2011), are denied.

95.     The allegations contained in paragraph 95 purport to characterize a certain June 6, 2014 NMFS memorandum, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of that memorandum are denied.

96.     The allegations contained in paragraph 96 purport to characterize the 2014 BiOp and certain unidentified regulations, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the 2014 BiOp and those unidentified regulations are denied.

97.     The allegations contained in paragraph 97 purport to characterize the 2014 BiOp, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the 2014 BiOp are denied.

98.     The allegations contained in paragraph 98 purport to characterize the 2014 BiOp, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the 2014 BiOp are denied.

99.     The allegations contained in paragraph 99 purport to characterize the 2014 BiOp, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the 2014 BiOp are denied.

100.     The allegations contained in paragraph 100 purport to characterize the 2014 BiOp, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the 2014 BiOp are denied.

101.     The allegations contained in paragraph 101 purport to characterize the 2014 BiOp, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the 2014 BiOp are denied.

102.     The allegations contained in paragraph 102 purport to characterize the 2014 BiOp, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the 2014 BiOp are denied.

103.    The allegations contained in paragraph 103 purport to characterize the 2014 BiOp, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the 2014 BiOp are denied.

104.    The allegations contained in paragraph 104 purport to characterize the 2014 BiOp, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the 2014 BiOp are denied.

105.    The allegations contained in paragraph 105 purport to characterize the 2014 BiOp, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the 2014 BiOp are denied.

106.    The allegations contained in paragraph 106 purport to characterize the 2014 BiOp, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the 2014 BiOp are denied.

107.    The allegations contained in paragraph 107 purport to characterize the 2014 BiOp, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the 2014 BiOp are denied.

108.    The allegations contained in paragraph 108 purport to characterize the 2014 BiOp, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the 2014 BiOp are denied.

109.    The allegations contained in paragraph 109 purport to characterize the 2014 BiOp, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the 2014 BiOp are denied.

110.    The allegations contained in paragraph 110 purport to characterize the 2014 BiOp, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the 2014 BiOp are denied.

111.    The allegations contained in paragraph 111 purport to characterize a certain October 17, 2017 NMFS memorandum, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of that October 17, 2017 NMFS memorandum are denied.

112.    Defendants admit the allegations contained in paragraph 112 that it has not completed a new biological opinion but the balance of the allegations contained in paragraph 112 purport to characterize an unidentified NMFS document, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of that unidentified NMFS document are denied.

113.    Defendants deny the allegations contained in paragraph 113.

114.    The allegations contained in paragraph 114 consist of conclusions of law, to which no response is required.

115.    The allegations contained in paragraph 115 purport to characterize the 2014 BiOp, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the 2014 BiOp are denied.

116.    Defendants deny the allegations contained in the first sentence of paragraph 116. The allegations contained in the second sentence of paragraph 116 consist of conclusions of law, to which no response is required.

117.    Defendants deny the allegations contained in paragraph 117.

118.    Defendants incorporate by reference their responses to paragraphs 1 to 117.

119.    The allegations contained in the first sentence of paragraph 119 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the ESA are denied.  The allegations contained in the second sentence of paragraph 119 purport to characterize the ESA and 50 C.F.R. § 402.14(g)(2)-(3), which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the ESA and 50 C.F.R. § 402.14(g)(2)-(3) are denied.  The allegations contained in the third sentence of paragraph 119 purport to characterize 50 C.F.R. § 402.02, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of 50 C.F.R. § 402.02 are denied.  The allegations contained in the fourth sentence of paragraph 119 purport to characterize the ESA and 50 C.F.R. §§ 402.02 and 402.14(g), which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the ESA and 50 C.F.R. §§ 402.02 and 402.14 are denied.

120.    The allegations contained in paragraph 120 purport to characterize the ESA and 50 C.F.R. § 402.14(g), (i), which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the ESA and 50 C.F.R. § 402.14(g), (i) are denied.

121.    The allegations contained in paragraph 121 consist of conclusions of law, to which no response is required.

122.    The allegations contained in paragraph 122 purport to characterize the 2014 BiOp, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the 2014 BiOp are denied.

123.    The allegations contained in paragraph 123 consist of conclusions of law, to which no response is required, and purport to characterize the 2014 BiOp, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the 2014 BiOp are denied.

124.    The allegations contained in the first sentence of paragraph 124 purport to characterize the 2014 BiOp, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the 2014 BiOp are denied.  The allegations contained in the second sentence of paragraph 124 consist of conclusions of law, to which no response is required.

125.    The allegations contained in paragraph 125 consist of conclusions of law, to which no response is required.

126.    The allegations contained in paragraph 126 consist of conclusions of law, to which no response is required.

127.    Defendants incorporate by reference their responses to paragraphs 1 to 126.

128.    The allegations contained in paragraph 128 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the ESA are denied.

129.    The allegations contained in paragraph 129 are vague and ambiguous and consist of conclusions of law, to which no response is required.

130.    The allegations contained in paragraph 130 consist of conclusions of law, to which no response is required.

131.    The allegations contained in paragraph 131 consist of conclusions of law, to which no response is required.

132.    The allegations contained in paragraph 132 consist of conclusions of law, to which no response is required.

133.    Defendants incorporate by reference their responses to paragraphs 1 to 132.

134.    The allegations contained in the first sentence of paragraph 134 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the ESA are denied.  The allegations contained in the second sentence of paragraph 134 purport to characterize the ESA and 50 C.F.R. § 402.14(i)(1)(5), which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the ESA and 50 C.F.R. § 402.14(i)(1)(5) are denied.

135.    The allegations contained in the first sentence of paragraph 135 purport to characterize the 2014 BiOp, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the 2014 BiOp are denied. Defendants admit the allegations contained in the second sentence of paragraph 135. Defendants deny the allegations contained in the third sentence of paragraph 135.

136.    The allegations contained in paragraph 136 purport to characterize a certain *Federal Register* document published at 69 Fed. Reg. 30,857 (June 1, 2004), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the *Federal Register* document published at 69 Fed. Reg. 30,857 (June 1, 2004), are denied.

137.    The allegations contained in paragraph 137 purport to characterize the 2014 BiOp speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the 2014 BiOp are denied.

27

138.    The allegations contained in paragraph 138 consist of conclusions of law, to which no response is required.

139.    The allegations contained in paragraph 139 consist of conclusions of law, to which no response is required.

140.    Defendants incorporate by reference their responses to paragraphs 1 to 139.

141.    The allegations contained in paragraph 141 purport to characterize the MMPA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the MMPA are denied.

142.    The allegations contained in paragraph 142 purport to characterize the MMPA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the MMPA are denied.

143.    The allegations contained in the first sentence of paragraph 143 purport to characterize the 2014 BiOp, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the 2014 BiOp are denied.  The allegations contained in the second sentence of paragraph 143 are vague and ambiguous, and are therefore denied.  The allegations contained in the third sentence of paragraph 143 purport to characterize an unidentified report or reports, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of that unidentified report or reports are denied.  Defendants deny the allegations contained in the fourth sentence of paragraph 143.

144.    The allegations contained in paragraph 144 purport to characterize a certain *Federal Register* document published at 69 Fed. Reg. 30,857, 30,858 (June 1, 2004), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the

plain language, meaning, and context of the *Federal Register* document published at 69 Fed. Reg. 30,857, 30,858 (June 1, 2004), are denied.

145.    The allegations contained in paragraph 145 consist of conclusions of law, to which no response is required, and purport to characterize the 2014 BiOp, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the 2014 BiOp are denied.

146.    The allegations contained in paragraph 146 consist of conclusions of law, to which no response is required.

147.    The allegations contained in paragraph 147 consist of conclusions of law, to which no response is required.

148.    The allegations contained in paragraph 148 consist of conclusions of law, to which no response is required.

## Prayer for Relief

The remainder of the Complaint constitutes Plaintiff's request for relief, to which no response is required.  To the extent a response may be deemed required, Defendants deny that Plaintiff is entitled to the requested relief or any relief whatsoever.

## General Denial

Defendants deny any allegations contained in the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## Affirmative Defenses

1.  The Complaint fails to state a claim upon which relief can be granted.

2.  The Plaintiff lacks standing.

3.  Some or all of Plaintiff's claims are moot.

4.  Some or all of Plaintiff's claims are unripe.

5.  This Court may lack subject matter jurisdiction over some or all of Plaintiff's claims.

6.  Defendants reserve the right to assert additional affirmative defenses during the course of litigation.

WHEREFORE, Defendants deny that Plaintiff is entitled to the requested relief or any relief from this Court and request that this action be dismissed with prejudice, that judgment be entered in favor of Defendants, and that Defendants be allowed their costs and such other and further relief as the Court may allow.

Respectfully submitted,

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Wildlife and Marine Resources Section


*/s/ J. Brett Grosko*
J. BRETT GROSKO
Senior Trial Attorney (Maryland Bar)
Wildlife and Marine Resources Section
Environment and Natural Resources Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
TEL: (202) 305-0342
FAX: (202) 305-0275
E-mail: brett.grosko@usdoj.gov


OF COUNSEL

JOHN ALMEIDA
Attorney-Advisor
NOAA Office of General Counsel
Gloucester, Massachusetts

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

*/s/ J. Brett Grosko*
_____
J. Brett Grosko